UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION AT LEXINGTON**

| | |
|---|---|
| TRACY ANN CLEMANS, | |
| Plaintiff, | Civil Action No. 5:18-cv-00481-JMH |
| v. | |
| NATIONAL STAFFING SOLUTIONS, et al., | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | |

\*\*\*\* \*\*\*\* \*\*\*\* \*\*\*\*

This matter is before the Court upon the Motion to Dismiss [DE 4] of Defendant Logistic Health, Inc. ("LHI"). Plaintiff has filed a Response [DE 5], and Defendant LHI has filed a Reply in further support of its Motion [DE 6]. For the reasons that follow, Defendant LHI's Motion will be granted.

I.

Defendant LHI has a contract to provide healthcare services at the United States Department of Veterans Affairs ("VA") healthcare facility in Lousiville, Kentucky. NSS is a subcontractor to LHI, tasked with providing staff to serve at the VA. An agent of NSS approached Clemans in March of 2017,

while she was employed elsewhere, and asked her about working in a job at the VA. Clemans interviewed on March 20 and 22, 2017.

During the second interview, on March 22, Clemans informed NSS and LHI that she had her temporary license to practice psychology in Kentucky but did not yet have her independent license. She explained that, until she received her independent license, she needed the supervision of another psychologist to practice. LHI employees informed her and NSS that her licensure was sufficient.

Clemans then executed a contract with NSS for employment in late March. It is unclear from the Complaint why she did not begin work soon after that contract was executed, but time passed. LHI again asked about her temporary license on September 6, 2017, and she explained that her licensure situation remained the same to several LHI employees. In a series of emails on September 15, 2017, she informed LHI that she had quit her previous job in order to work with LHI, and LHI employees informed her that she would begin work with NSS the next week. More time passed. Then, on September 25, 2017, Clemans executed another employment agreement with NSS in contemplation of beginning work at the VA.

2

On October 1, 2017, the day before she believed she would begin work, she avers that she "was contacted and informed that NSS and LHI would not be honoring the employment contract" because her temporary license did not satisfy the VA staffing requirements and regulations, and that she could not begin work at the VA. NSS later issued a written notice, dated October 11, 2017, stating that the employment agreement was being cancelled for this reason. She then filed this suit, averring that NSS and LHI are liable to her for damages for breach of contract and upon a theory of promissory estoppel.

In her response to LHI's Motion to Dismiss, Clemans concedes that she can state no claim for breach of contract with LHI because, quite simply, she never entered into a contract with LHI. Accordingly, this claim will be dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). *See Fritz v. Charter Tp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (explaining that, under Fed. R. Civ. P. 12(b)(6) court must take "all well-pleaded material allegations of the pleadings" and that averments of the complaint "need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual

matter' to render the legal claim plausible, i.e., more than merely possible").

Nor can she succeed upon a theory of promissory estoppel, an equitable remedy "which is only applicable if a fraud or some other injustice would result." *See Lynch v. Sease*, 244 F. App'x 736, 739 (6th Cir. 2007). Under Kentucky law, promissory estoppel requires (1) a promise (2) based upon "which the promisor should reasonably expect to induce action or forbearance on the part of the promisee[s] or a third person" and (3) that has actually "induce[d] such action or forbearance" so that (4) "injustice can be avoided only by enforcement of the promise." *See Lichtefeld-Massaro, Inc. v. R.J. Manteuffel Co.*, 806 S.W.2d 42, 44 (Ky. App. 1991). The reliance must be justified. *See FS Invs., Inc. v. Asset Guar. Ins. Co.*, 196 F. Supp. 2d 491, 507 (E.D. Ky. 2002).

Given the plain language of the agreements that she entered into with NSS which set forth that NSS would be providing her insurance, supervising her, and addressing all concerns she had, she cannot simultaneously contend that she somehow justifiably relied on a separate oral promise from LHI that would have a position at the VA as an employee of NSS or that such a statement would place her in privity with LHI in any way. *See*

*Derby City Capital, LLC v. Trinity HR Servs.*, 949 F. Supp. 2d 712, 728-29 (W.D.Ky. 2013) (holding that, in applying Kentucky law in the Sixth Circuit, "a promissory-estoppel claim cannot be based upon a performance that is contractually required," reasoning that "it is a 'widely accepted principle that promissory estoppel is applicable only in the absence of an otherwise enforceable contract).

Accordingly, **IT IS ORDERED** that Defendant LHI's Motion to Dismiss [DE 4] is **GRANTED**.

This the 18th day of January, 2019.

Signed By:
*Joseph M. Hood*
Senior U.S. District Judge