UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| TRACY ANN CLEMANS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | 5:18-cv-481-JMH-MAS |
| v. | ) | |
| | ) | **MEMORANDUM** |
| NATIONAL STAFFING SOLUTIONS, | ) | **OPINION AND ORDER** |
| INC., | ) | |
| | ) | |
| Defendant. | | |

\*\*\*

This matter is before the Court on Defendant National Staffing Solutions, Inc.'s ("National Staffing") motion for judgment on the pleadings. [DE 17]. National Staffing asks the Court to dismiss Plaintiff Tracy Ann Clemans' action for failure to state a claim upon which relief can be granted. Clemans responded [DE 20] and National Staffing replied [DE 23], making this motion ripe for review.

Claims for promissory estoppel and breach of contract pursuant to an at-will employment agreement are not actionable in Kentucky—regardless of when the employee began working. Thus, National Staffing's motion for judgment on the pleadings is granted for the reasons set forth below.

**I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

In 2016, the Veterans Affairs office in Louisville, Kentucky awarded a contract to Logistics Health, Inc., to provide medical

services at the regional facility. [DE 17-1 at 1]. Logistics Health contracted with Defendant National Staffing to find and hire the necessary personnel for the medical services at the Louisville center.

Clemans is a clinical psychologist who treats individuals in need of mental, emotional, and behavioral assistance. [DE 1-1 at 3]. In 2016, Clemans worked at the Little Sandy Correctional Complex in Sandy Hook, Kentucky. At the time of the contract in question, and during her time at Little Sandy, Clemans was eligible for permanent licensing but had not completed certain necessary board exams. [*Id*.]. Although she was not permanently licensed, she could still perform "a full range of psychology and counseling services to her patients," but had to be supervised by a board-licensed psychologist.

Clemans, without any inquiry on her part, was contacted by a National Staffing agent about an open position at the Louisville Veterans Affairs office. [DE 1-1 at 5]. She was then fully vetted by National Staffing and Logistics Health for the position. [*Id.* at 6]. At all times, Clemans told both companies that her lack of permanent licensing meant she still needed periodic supervision and consultations from a permanently licensed psychologist. [*Id*.]. On March 24, 2017, Clemans and a National Staffing representative

signed a "staffing employment understanding" agreement. [*Id*. at 14]. In September of the same year, Clemans signed an almost identical agreement that only changed the amount of compensation she was guaranteed. [*Id*. at 16].

Clemans was initially instructed to start work at the facility on September 16, 2017, but for reasons unknown to her, the start date was moved to October 2, 2017. [*Id*. at 7]. In the meantime, Clemans terminated her employment at Little Sandy and began preparing for the new position in Louisville. On October 1, 2017— one day before her start date—National Staffing contacted Clemans to let her know the employment agreement was terminated. [*Id*.]. Ten days later, National Staffing sent a letter to Clemans, explaining that the agreement was cancelled because of her temporary licensure status. [*Id*. at 18].

Clemans brought this action in the Fayette Circuit Court on June 29, 2018. [DE 1]. She claims that the written employment agreement was already binding and fully enforceable and the grounds for repudiation were false and pretextual. [DE 20 at 4]. Clemans specifically claims that the Veterans Affairs' published qualifications did not prohibit the type of licensing that caused National Staffing to fire her. She brought claims of breach of contract and promissory estoppel.

The case was removed to this Court based on diversity of the parties on August 3, 2018. This Court granted Logistics Health's motion to dismiss for failure to state a claim on January 18, 2019, thereby dismissing the company as a party to this action. [DE 11]. National Staffing then filed this motion before the Court on April 9, 2019. [DE 17].

## II. STANDARD OF REVIEW

Defendants may move for judgment on the pleadings under Fed. R. Civ. P. 12(c)("After the pleadings are closed … a party may move for judgment on the pleadings."). Under such a motion, "all well-pleaded material allegations of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008)(quoting *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007)). A motion for judgment on the pleadings requires the same "standard of review employed for a motion to dismiss under Rule 12(b)(6)." *Florida Power Corp. v. FirstEnergy Corp.*, 810 F.3d 996, 999 (6th Cir. 2015)(quoting *Tucker*, 539 F.3d at 549).

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the sufficiency of the plaintiff's complaint. A complaint must contain a "short and plain statement of the claim showing that the pleader

is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court views the complaint in the light most favorable to the plaintiff and must accept as true all well-pleaded factual allegations it contains. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The complaint must contain enough factual matter, accepted as true, to state a claim of relief deemed "plausible on its face." *Id*. A "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Further, "[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)(citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). However, only well-pleaded facts must be taken as true and the district court need not accept legal conclusions or unwarranted factual inferences as true. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

### III. DISCUSSION

The parties agree that the purported contract signed by Clemans and National Staffing created an at-will employment relationship. [DE 20 at 13]. In Kentucky, an agreement for employment that is not supported by consideration other than the

5

obligation to perform a service in exchange for wages paid is terminable at the will of either party. *Edwards v. Ky. Utils. Co.*, 150 S.W.2d 916, 917-18 (Ky. 1941). Consequently, an agreement for at-will employment does not create an enforceable contract, and thus, a breach of contract action to enforce it will not lie. *See Murton v. Android Industries-Bowling Green, LLC*, No. 1:13-cv-00112, 2015 WL 3549817, at *5 (W.D. Ky. June 4, 2015).

Instead of debating that the agreement was for something more permanent than at-will employment, Clemans argues in her response that Kentucky has never held that the doctrine of at-will employment bars an employee's claim for breach of a contract for *future* employment. [DE 20 at 11]. Clemans is, perhaps intentionally, vague in describing her start date and any work she might have done before then.[1] Clemans cites a Michigan case for the proposition that, where employment has not yet commenced, but

---

[1] Her complaint states: "Initially, NSS and LHI explained to Clemans that her work at the facility would begin on September 16, 2017, but for reasons of unexplained delay for which Clemans was not responsible, the start-date was revised and Clemans was advised to report for work at the Louisville VARO on October 2, 2017." [DE 1-1 at 7]. She also stated that she "began preparations for her new assignment at the VA" and her agreement was terminated a day "before commencing her work at the facility." [*Id*.]. After Clemans argues that she was only a prospective employee, National Staffing attached emails to its reply tending to show that Clemans may have started work at home and may have even received pay. [DE 23 at 1; DE 23-1].

the defendant repudiates it, a plaintiff could have a cognizable claim for breach of contract. *See Filcek v. Norris-Schmid, Inc.*, 401 N.W.2d 318 (Mich.App. 1986). National Staffing argues that under federal interpretations of Kentucky law, even if Clemans had not commenced work, she has no claim for breach of contract.

Even assuming Clemans had not begun work and received no pay when she was terminated, she does not have a cognizable claim for breach of contract under Kentucky law. It is true that Kentucky courts have not directly addressed whether a plaintiff might have a cause of action against a defendant employer for breach of contract where the employer terminates the agreement before the plaintiff begins work. This is likely because Kentucky case law is clear that an enforceable contract for at-will employment is a legal impossibility.

This Court has held the same in a factually similar case, later affirmed by the United States Court of Appeals for the Sixth Circuit. *See McDonald v. Webasto Roof Sys., Inc.*, No. 11-cv-433-JMH, 2013 WL 5676223 (E.D. Ky. Oct. 18, 2013); *McDonald v. Webasto Roof Sys., Inc.*, 570 Fed.App'x 474 (6th Cir. 2014). Similarly, the plaintiff had not started working when his job offer was revoked. *Webasto*, 2013 WL 5676223, at *1. Because the relationship was at-will, this Court held that "the decision not to employ Plaintiff

was reserved to Defendant, and there can be no breach of contract on the facts before this Court." *Id*. The Sixth Circuit agreed, stating that "[w]ithout evidence of an employment contract with Webasto, [plaintiff's] breach of contract claim fails." *McDonald*, 570 Fed.App'x at 477. In sum, the existence of an employment agreement alone does not indicate that a plaintiff might have a claim for breach of a contract for future employment; rather, the agreement must be for more than at-will work. If it fails to do so, it is not an enforceable contract on either party.

Courts have also consistently held, for similar reasons as those stated above, that at-will employees may not assert a promissory estoppel claim against an employer, even when work has not started. Promissory estoppel is a potential remedy for plaintiffs who rely on promises that lack consideration. *See McCarthy v. Louisville Cartage Co., Inc.*, 796 S.W.2d 10, 12 (Ky.Ct.App. 1990)("The whole theory of a promissory estoppel action is that detrimental reliance becomes a substitute for consideration under the facts of a given case."). This theory of recovery requires a plaintiff to show that a promise existed "which the promisor should reasonably expect to induce action or forbearance on the part of the promise or a third person and which does induce such action or forbearance [and it] is binding if

injustice can be avoided only by enforcement of the promise." *Sawyer v. Mills*, 295 S.W.3d 79, 89 (2009). But federal and state courts interpreting Kentucky law have consistently held that no prospective or current employee can reasonably rely on a vague promise of employment that can be terminated at any time, for any reason.[2] *Jackson v. JB Hunt Transport, Inc.*, 384 S.W.3d 177, 185 (Ky.Ct.App. 2012)("as an at-will employee, [the plaintiff] had no employment security to begin with."); *Harris v. Burger King Corp.*, 993 F.Supp.2d 677, 691 (W.D.Ky. 2014)("An at-will employee can claim promissory estoppel only if she can show a specific promise of job security."); *McDonald*, 570 Fed.App'x at 477 (plaintiff's at-will status precludes his promissory estoppel claim).

Clemans alleges only that National Staffing assured her that she satisfied the staffing criteria for the position at the Louisville office and that she was promised at-will employment.

---

[2] Clemans's reliance on *United Parcel Service Co. v. Rickert* for her contention that Kentucky allows promissory estoppel claims in the at-will employment context is misplaced. *See* 996 S.W.2d 464 (Ky. 1999). The plaintiff in *Rickert* argued promissory estoppel by showing that the defendant fraudulently promised pilots full-time employment with UPS if they continued working for UPS contractors until it established its own internal airline. *Id*. at 467. As courts have since explained, *Rickert* is clearly about no more than equitable estoppel where an allegation of fraud exists. *Sawyer*, 295 S.W.3d at 90. Clemans does not allege fraud; rather, she alleges that Kentucky does not generally bar a future at-will employee from bringing a promissory estoppel claim. [DE 20 at 9].

[DE 1-1 at 10]. At any point, and for any reason, National Staffing could decide it no longer wished to employ Clemans and would not have to provide any cause under Kentucky's at-will employment doctrine. Thus, no promise existed upon which Clemans could have reasonably relied.

## IV. CONCLUSION

It would defy all logic for this Court to allow Clemans to bring a breach of contract claim for the termination of her employment agreement the day before she started working, but bar it the moment she stepped foot in the office. Similarly, Clemans cannot admit to the at-will status of her agreement, but also argue that she reasonably relied on a promise of firm employment.

For the reasons stated above, **IT IS ORDERED** as follows:

1) That Defendant National Staffing Solutions, Inc.'s motion for judgment on the pleadings [DE 17] is **GRANTED**;

2) That Plaintiff Tracy Ann Clemans' claims against National Staffing Solutions, Inc., are hereby **DISMISSED WITH PREJUDICE**; and

3) Because there are no remaining claims against any defendant in this action, a final judgment **SHALL** be entered contemporaneously with the entry of this Memorandum Opinion and Order.

This the 22nd day of November, 2019.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge