```
               UNITED STATES DISTRICT COURT
               EASTERN DISTRICT OF KENTUCKY
                 CENTRAL DIVISION at LEXINGTON

TRACY ANN CLEMANS,              )
                                )
     Plaintiff,                 )
                                )      Case No.
v.                              )      5:18-cv-481-JMH-MAS
                                )
NATIONAL STAFFING SOLUTIONS,    )         MEMORANDUM
INC.,                           )      OPINION AND ORDER
                                )
     Defendant.                 )
```

                                 ***

The United States Court of Appeals for the Sixth Circuit recently reminded courts and litigants that "not every broken promise occasions a legal remedy." *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 208 (6th Cir. 2019). That premise certainly rings true in the context of an at-will employee's claim of promissory estoppel. Kentucky's adherence to the at-will doctrine dispels of the idea that an employee who could be fired at any moment might reasonably rely to her detriment on a promise of future employment.

Disagreeing with this premise, Plaintiff Tracy Ann Clemans filed a motion to alter, amend, or vacate the judgment entered in this case on November 22, 2019. [DE 28]. Clemans argues that (1) the Court erred in holding that Kentucky law does not recognize promissory estoppel claims in the context of at-will employment, and, in the same vein, that (2) the Court committed clear error by disregarding the Kentucky Supreme Court's ruling in *United Parcel*

*Service Co. v. Rickert*. [*Id*.]. Defendant National Staffing Solutions, Inc., ("National Staffing") responded to Clemans' motion [DE 31] and Clemans replied [DE 32], making the motion ripe for review. For the reasons set forth below, Clemans' motion for reconsideration will be **DENIED**.

### I. FACTUAL AND PROCEDURAL BACKGROUND

The parties do not dispute the Court's statement of facts in the case. Thus, the posture of the case is only briefly summarized here.

Clemans, a clinical psychologist, was contacted by National Staffing about an open position at the Louisville Veterans Affairs office. [DE 1-1 at 5]. At the time, she worked at the Little Sandy Correctional Complex in Sandy Hook, Kentucky. [*Id*. at 3]. She was eligible for permanent licensing, but had not completed board exams necessary for that level of certification. [*Id*.]. She provided this information to National Staffing during her hiring, indicating that she would still need periodic supervision and consultations from a permanently licensed psychologist. [*Id*. at 5].

On March 24, 2017, Clemans and National Staffing entered into a "staffing employment understanding" agreement. [*Id*. at 14]. She would sign a nearly identical agreement in September 2017 that only changed her compensation. [*Id*. at 16]. She was initially told she would start working at the facility on September 16, 2017, but

2

that date was delayed until October 2, 2017. [*Id*. at 7]. Clemans terminated her employment at Little Sandy and started preparing for her new job.

The day before her supposed start date, October 1, 2017, National Staffing told Clemans the employment agreement had been terminated. [*Id*.]. National Staffing would, ten days later, indicate that her lack of a permanent license led the company to terminate her employment agreement. [*Id*. at 18].

Clemans sued National Staffing in Fayette County Circuit Court in June 2018. [DE 1]. She claimed that the written employment agreement was already binding and fully enforceable, and that the company's stated grounds for repudiation were false and pretextual. [DE 20 at 4]. Specifically, Clemans claimed that the Veterans Affairs' published qualifications did not prohibit the type of licensing that National Staffing chose to fire her over. She alleged breach of contract and promissory estoppel. The case was removed to federal court based on diversity, and the Court granted a former party's motion to dismiss. [DE 11]. National Staffing then filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). [DE 17].

This Court, on November 22, 2019, entered a Memorandum Opinion and Order and a Judgment granting National Staffing's motion, dismissing the case in its entirety. [DEs 26, 27]. The Court held that Clemans did not have a cognizable claim for breach of contract

3

under Kentucky law because the hiring agreement was for nothing more than at-will employment. [DE 26 at 7]. It also held that at-will employees may not assert a promissory estoppel claim against an employer when the only promise alleged is the employment itself. [*Id*. at 8].

Clemans timely filed this motion to alter the Court's judgment. [DE 28].

## II. LEGAL STANDARD

The Court evaluates a motion to reconsider a final order or judgment as a motion to alter or amend a judgment pursuant to Federal Rule of Civil Procedure 59(e). *See Keith v. Bobby*, 618 F.3d 594, 598 (6th Cir. 2010) (citing *Intera Corp. v. Henderson*, 428 F.3d 605, 611 (6th Cir. 2005)); *Lonardo v. Travelers Indem. Co.*, 706 F. Supp. 2d 766, 808 (N.D. Ohio 2010). Rule 59(e) permits a party to file a motion to alter or amend a judgment within 28 days after the entry thereof. "A court may grant a Rule 59(e) motion to alter or amend if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005). "[A] Rule 59(e) motion cannot be used to 'relitigate old matters, or to raise arguments ... that could have been raised prior to the entry of judgment,' or 'to re-argue a case.'" *J.B.F. by and through Stivers v. Ky. Dep't of Educ.*, 690 F. App'x 906,

4

906-7 (6th Cir. 2017)(quoting *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n. 5 (2008); *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)).

### III. ANALYSIS

Clemans does not argue that the Court erred in holding that her breach of contract claim failed as a matter of law. She only debates the Court's interpretation and application of Kentucky law regarding promissory estoppel.

In Kentucky, the four elements of a promissory estoppel claim are "(1) a promise; (2) which the promisor should reasonably expect to induce action or forbearance on the part of the promise[e]; (3) which does induce such action or forbearance; and (4) injustice can be avoided only by enforcement of the promise." *See Bergman v. Baptist Healthcare Sys., Inc.*, 344 F.Supp.2d 998, 1003 (W.D. Ky. 2004). As will be discussed below, Kentucky courts have long indicated, and the Sixth Circuit has held, that the plaintiff's reliance on the promise must be reasonable.

The November opinion began by explaining that Clemans' job at the Veterans Affairs office in Louisville would have been at-will.[1] The Court cited to Kentucky and federal cases interpreting the Commonwealth's at-will doctrine as a bar to claims of promissory estoppel. [*Id.* at 9]. The Court concluded by stating:

> At any point, and for any reason, National Staffing could decide it no longer wished to employ Clemans and would not have to provide any cause under Kentucky's at-will employment doctrine. Thus, no promise existed upon which Clemans could have reasonably relied. … Clemans cannot admit to the at-will status of her agreement, but also argue that she reasonably relied on a promise of firm employment.

[*Id.* at 10].

The Court, in a footnote, dismissed Clemans' reliance on a Kentucky case titled *United Parcel Service v. Rickert*. [*Id.* at 9 n. 2]. The Court noted that the plaintiff in *Rickert*, unlike Clemans, demonstrated that the defendant company made fraudulent oral promises to pilots of full-time, definite employment if they kept working for the company. [*Id.* (citing *United Parcel Service*

---

[1] "Clemans does not contest NSS's arguments that, absent a contractual provision to the contrary, employment in Kentucky is generally terminable at will and, therefore, employers are permitted to terminate at-will employees for any reason that is not illegal or in violation of public policy. However, Clemans is unaware of any opinion of the Supreme Court of Kentucky or the Court of Appeals of Kentucky holding that the doctrine of at-will employment bars an employee's claim for breach of prospective employment." [DE 20 at 11]. Clemans' entire argument focused on promissory estoppel in the context of at-will employment, never arguing that the parties' employment negotiations were anything more than that.

6

*v. Rickert*, 996 S.W.2d 464, 467 (Ky. 1999))]. The *Rickert* decision, the Order explained, has been significantly limited by Kentucky courts ever since.

Even though courts interpreting and applying Kentucky law have flat-out stated that promissory estoppel is inapplicable where the employee is at-will, Clemans argues that the Court erred in holding so. What she misses, though, is the fact that even if these claims are not completely barred, they will never meet the blackletter requirements of promissory estoppel because it is patently unreasonable to rely on a promise of future employment that can be terminated at any time.

Clemans begins her argument by pointing to *Bisig v. Time Warner Cable, Inc.*, a case just published by the Sixth Circuit in October 2019, for the argument that Kentucky does recognize promissory estoppel in the at-will employment context. [DE 28 at 5 (citing 940 F.3d 205(6th Cir. 2019))]. In *Bisig*, the plaintiffs were employed by Insight Communications when the company was acquired by Time Warner. 940 F.3d at 209. Plaintiffs claimed that Time Warner induced them to stay despite "troublesome developments" at the company by orally promising them better pay and continuous employment. *Id*. Time Warner broke that promise. Plaintiffs had also electronically acknowledged several at-will employment disclaimers. The district court, like the Court here, pointed to Sixth Circuit precedent holding that an employee's at-

7

will status precludes her promissory estoppel claim under Kentucky law. *Bisig v. Time Warner Cable, Inc.*, No. 3:14-cv-36-DJH-DW, 2018 WL 1476679, *11 (W.D. Ky. 2018)(internal citations omitted).

The Sixth Circuit, aiming to "clarify some confusion within our circuit" about whether reasonable reliance is a required element of promissory estoppel, held that "the promisee's reliance—the 'action or forbearance'—must be 'reasonabl[e].'" *Id*. (citing Restatement (Second) of Contracts § 90(1)). In applying the reasonable reliance element to the facts of the case, the Sixth Circuit noted that the at-will disclaimer in the case ultimately made any reliance on an oral promise unreasonable. *Id*. at 213, 216.

Clemans essentially argues that the Sixth Circuit in *Bisig* implicitly acknowledges the viability of promissory estoppel claims in the context of future employment. But this argument is irrelevant: this Court explicitly explained that, for the same reasons outlined by the Court in *Bisig*, Clemans' claim failed because it is patently unreasonable to rely on a "promise" of future at-will employment.

But Clemans tries to frame the case in a different light. She argues that the "agreements presented to Clemans by [National Staffing] include" no at-will employment disclaimers. [DE 28 at 3]. Essentially, at this juncture, she states the agreements do not include the phrase "at will," and thus, this case falls outside

8

of *Bisig's* facts and argues that quitting her prior job to take the position is enough to prove reasonable reliance. But as National Staffing stated in its response, the *Bisig* court did not hold that written disclaimers must be present to eliminate reasonable reliance, defeating a claim of promissory estoppel. [DE 31 at 5]. As previously indicated by the Court, and acknowledged by Clemans, Kentucky employment agreements are presumptively at-will and can be terminated at any time.[2] The Sixth Circuit's decision did not turn on whether a "disclaimer" existed, but whether the employees were at-will. The Court will not, especially at this juncture, entertain an assertion from Clemans that because the contract did not state that the agreement was at-will, it must be for something more. That contention is entirely contrary to well-settled Kentucky law.

Because the Sixth Circuit in *Bisig* focused on the question of the "reasonable reliance" prong of promissory estoppel, it affirmed the district court's decision without directly address its conclusion that promissory estoppel claims may never lie for the termination of at-will employment. The district court cited to

---

[2] "In Kentucky, at-will employees may be discharged 'for good cause, for no cause, or for a cause that some might view as morally indefensible.'" *Bisig*, 940 F.3d at 211 (quoting *Firestone Tire & Rubber Co. v. Meadows*, 666 S.W.2d 730, 731 (Ky. 1983)(other internal citations omitted)). Kentucky law is clear that, in absence of a clear contractual provision, employment in Kentucky is terminable at will. *See Shah v. Am. Synthetic Rubber Corp.*, 655 S.W.2d 489, 492 (Ky. 1983).

9

the same cases this Court examined in its November opinion. *See Jackson v. JH Hunt Transport, Inc.*, 384 S.W.3d 177, 185 (Ky. Ct. App. 2012)("as an at-will employee, [the plaintiff] had no employment security to begin with."); *Harris v. Burger King Corp.*, 993 F.Supp.2d 677, 691 (W.D. Ky. 2014)("An at-will employee can claim promissory estoppel only if she can show a specific promise of job security."); *McDonald v. Webasto Roof Sys., Inc.*, 570 F. App'x 474, 477 (6th Cir. 2014)(plaintiff's at-will status precludes his promissory estoppel claim). Because *Bisig* is in line with the Court's holding and prior cases from the Sixth Circuit, as well as Kentucky state and federal district courts, it cannot be considered an "intervening change of controlling law" under Rule 59(e).

Clemans also relies extensively, again, on a Kentucky Supreme Court case, *United Parcel Service v. Rickert* for her assertion that Kentucky allows promissory estoppel claims in at-will employment agreements. She claims that the case "clearly and unequivocally ruled that proof of a 'job promise' of future *indefinite* employment made 'with the intent to induce either action or forbearance on the part of' the plaintiff would support a jury's verdict on a claim of promissory estoppel. [DE 32 at 1 (emphasis added)]. She cites to the brief portion of that opinion specifically discussing promissory estoppel:

10

> There was substantial evidence presented at trial that a job promise was made to Rickert and others by UPS with the intent to induce either action or forbearance on the part of the pilots. Rickert testified without contradiction that he relied on this promise and remained with the carrier during the transition. The standard of proof in a promissory estoppel claim is a preponderance of the evidence. Rickert met or exceeded that standard *when he proved all the elements of fraud* with clear and convincing evidence. The trial judge properly held that there was sufficient proof to instruct the jury on this cause of action.

*Rickert*, 996 S.W.2d at 470 (internal citation omitted)(emphasis added).

First, Clemans takes issue with the Court's use of the phrase "equitable estoppel" in its brief discussion of the case, noting that it appears nowhere in the *Rickert* opinion. [DE 32 at 2]. Equitable estoppel, as the Kentucky Supreme Court noted in *Sawyer v. Mills*, requires a fraudulent misrepresentation as to a material fact. 295 S.W.3d 79, 90 (Ky. 2009). The *Sawyer* court then noted, importantly, that while *Rickert* held that the statute of frauds is not a bar to fraud or a promissory estoppel claim based on the oral promise at issue in that case, the decision clearly and actually turned on "equitable estoppel (i.e. a claim of fraud)." *Id*. at 90. Although several cases following and applying *Rickert*, like *Sawyer*, have only done so in the context of the applicability of the statute of frauds, it can clearly be distinguished based on the fraudulent misrepresentations made by the defendant.

11

Next, Clemans broadens *Rickert's* holding and argues that because there was a promise of employment, the case allows the claim to move forward. The *Bisig* court also disregarded the plaintiffs' use of *Rickert* after they similarly argued that the case provides the "substantive rule of decision" in the matter. 940 F.3d at 212. The Sixth Circuit stated that:

> [*Rickert*] merely illustrate[s] the uncontroversial principle that a plaintiff may sometimes establish reasonable reliance based on a defendant's oral representations. None of those cases involved a disclaimer—let alone a disclaimer that conflicted with those representations.

*Id*. Likewise, Clemans never argued that she received oral promises that conflicted with her at-will employment agreement.

Courts applying and interpreting *Rickert* have come to the same conclusion. For example, in *Clay v. City of Louisville Metro*, the Court pointed out that the plaintiff in *Rickert* presented substantial evidence that a definite job promise was made. No. 3:10-cv-371-CRS, 2011 WL 6141122, *2 (W.D. Ky. Dec. 9, 2011). In *Clay*, the plaintiff knew that her contract required approval of the Louisville Metro Council before it was finalized. *Id*. Likewise, Clemans knew, or should have known, that her employment was at-will and could be terminated at any time. She was never promised definite employment, because if she had been, it would not have been terminable at-will.

12

In another promissory estoppel case, the Kentucky Court of Appeals recognized the claim because there was an express agreement to employ the plaintiff for a specific period of time, taking it out of the context of the at-will doctrine. *Brown v. Louisville Jefferson Cty. Redevelopment Auth., Inc.*, 301 S.W.3d 221 (Ky.App. 2010)("In light of the holdings set forth in *Rickert* and *Shah*, if a jury should believe [plaintiff's] testimony that [defendant] knowingly induced Brown to forego another job opportunity by expressly agreeing to employ him for a specified period of time," his promissory estoppel claim could move forward.).

Clemans never argued that she received an oral or written promise contrary to her status as an at-will employee. It is understandable that, in a case where a plaintiff has been promised something more than at-will employment, and especially when that promise was given fraudulently for the purpose of inducing the plaintiff, an action for promissory estoppel may lie. That simply is not the case here. Clemans was provided with and signed an agreement that could be terminated at any time, for any reason under Kentucky law. To expand *Rickert's* holding to encapsulate any "promise" of employment would be to rid of the at-will doctrine in its entirety. The Court again reiterates that it would be an absurd result to bar an employee's claim for breach of contract the day she starts working because of the at-will doctrine, but allow her to pursue a promissory estoppel claim simply because she has not

13

begun to work yet. It is because of the underlying principle that Clemans could have been fired once she started work for any reason, that makes a claim that her reliance on that promise was detrimental and reasonable unpersuasive to Kentucky courts.

Clemans has failed to demonstrate that the Court committed clear error in its interpretation of *Rickert*.

### IV. CONCLUSION

After evaluating Clemans' Rule 59(e) motion, the Court finds that she has failed to find an intervening change in the law or demonstrate that the Court committed clear error in its interpretation and application of Kentucky law.

Accordingly, for the reasons stated herein, **IT IS ORDERED** that Plaintiff Tracy Ann Clemans' motion to alter or amend the judgment in this case is hereby **DENIED**.

This 27th day of April, 2020.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge